Rory Quintana, SBN 258747
QUINTANA HANAFI, LLP
870 Market St., Ste. 819
San Francisco, CA 94102
Tel.: (415) 504-3121
Fax: (415) 233-8770
rory@qhplaw.com

*Attorneys for Plaintiff John Hajny*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN HAJNY** an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**LINCOLN FINANCIAL DISTRIBUTORS, INC.** a Connecticut corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE NO.:**<br><br>**COMPLAINT FOR DAMAGES FOR AGE DISCRIMINATION (CAL. GOV'T. CODE § 12940)**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff John Hajny ("Hajny" or "Plaintiff") brings this action against Defendant Lincoln Financial Distributors, Inc. ("LFD" or "Defendant") and DOES 1 through 10 (herein collectively "Defendants").

**NATURE OF THIS ACTION**

1. This is an action for relief from Defendants' violations of the California Fair Employment and Housing Act ("FEHA").

2. Plaintiff was discriminated against because of his age while employed by Defendant.

3. Plaintiff now seeks compensatory, general, and punitive damages, reasonable attorneys' fees, and costs, as well as other appropriate relief as determined by this Court for Defendants' violations of Plaintiff's rights.

///

///

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

4. The amount in controversy in this action exceeds $75,000 and the parties involved are from different states, therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to Plaintiff's claims occurred in this district and Plaintiff resides in this district.

6. Pursuant to Northern District Local Rule 3-2(d), this action should be assigned to the San Francisco District Court as the actions giving rise to Plaintiff's claims took place in Contra Costa County.

## PARTIES AND PERSONAL JURISIDICTION

7. Plaintiff is U.S. Citizen, currently aged fifty-five (55) years old.

8. Plaintiff is a resident of Los Angeles County.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a Connecticut Corporation with its principal headquarters at 130 N. Radnor Chester Road, Radnor, PA 19087. Plaintiff is further informed and believes and thereon alleges that Defendant is licensed to do business in California under corporation number C683560.

10. At all material times and for all purposes to the claims made herein, Defendant was Plaintiff's employer within the meaning of the California Government Code.

11. This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself of the privileges of conducting activities in the State of California and established minimum contacts sufficient to confer jurisdiction over Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the Constitutional requirements of due process.

12. Defendant has had and continues to have continuous and systematic contacts with the state of California sufficient to establish general jurisdiction over Defendant.

13. Defendant advertises, employs workers, maintains offices and contracts with businesses in California.

14. The causes of action listed in the complaint arose from or relate to the contacts of Defendant with a California resident, thereby conferring specific jurisdiction over Defendant.

15. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff and therefore said Defendants are sued under fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants fictitiously named herein is legally responsible in some actionable manner for the events described herein, and thereby proximately caused the damage to Plaintiff. Plaintiff will seek leave of Court to amend this Complaint to state the true names and capacities of such fictitiously named Defendants when the same have been ascertained.

16. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, each Defendant authorized and ratified, aided, and abetted, and acted in concert with and/or conspired with each and every other Defendant to commit the acts and to engage in the employment practices complained of herein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. On May 11, 2022, Plaintiff properly notified the Department of Employment and Housing of his interest to sue Defendant's and has received a "right-to-sue notice" prior to filing this Complaint. A true and correct copy of Plaintiff's "right-to-sue notice" is attached hereto as Exhibit A.

## FACTUAL ALLEGATIONS

18. Defendant is a part of the Lincoln Financial Group, which acting as its wholesale distribution organizatio.

19. Plaintiff began working for Defendant in or around December 2005 as a wholesaler. Plaintiff's work was different from a typical registered representative who usually interacts with individuals or businesses looking to open accounts and purchase investments recommended by the registered person. Rather Plaintiff's role was to market Defendant's proprietary funds and products, including variable annuities, to individual registered representatives or investment advisors who then, in turn, recommended these products to their customers.

20. Prior to late 2020, Plaintiff was assigned to service all the registered representatives and broker-dealers in the Northern California region.

21. In or around June or July 2020, Defendant made unilateral changes to the Independent Planner ("IP") Channel. In the announcement of this change, Jared Nepa, the National Sales Manager for the IP Channel made the statement that only one product, Level Advantage, would be sold by the Brokerage Channel rather than the IP Channel. Thereafter, Mr. Nepa sent out several emails, because there was confusion over the names of the broker dealers effected by this decision.

22. On or about January 1, 2021, Brynn McLin became Plaintiff's supervisor. Plaintiff is informed and believes, and thereon alleges, that Ms. McLin was approximately 40 years old at the time she became his supervisor.

23. In or around December 2020, Plaintiff was contacted by Tim Bellig regarding the potential sale of one of Defendant's products to one of his customers. Tim Bellig contacted Plaintiff because Plaintiff had worked with John Bellig, Tim's father. Following numerous emails and other communications, in or around late January or early February 2022, Tim Bellig informed Plaintiff that his brother Tom would be the writing agent for one of their customers who wanted to purchase two million dollars' worth of a variable annuity offered by Defendant. Thereafter, Plaintiff was further informed that another of the Belligs' customers wanted to purchase one and a half million dollars' worth of Defendant's products.

24. In order to effectuate the Bellig deals, Plaintiff had to send the Belligs a copy of the prospectus and marketing materials for the products being purchased. In this process, Plaintiff checked the address for the Belligs to ensure they would receive the materials, and discovered that there was an incorrect mailing address, associating the Belligs with Colorado rather than California. Accordingly, Plaintiff made changes to note this correction within Defendant's Salesforce system. Plaintiff made no other changes to the Belligs' profile or any other profile in Salesforce.

25. Because Plaintiff had issues with receiving credit for all his work, and because the purchases described above required internal approval, Plaintiff copied Ms. McLin on his communications with the Belligs.

26. In or around March 2021, Plaintiff met with Jared Nepa to inform him about two potential regulatory problems for Defendant because of the actions of two advisors, Brad Sullivan and Scott Gordon. Plaintiff also addressed how these actions could impact compensation for the workers in the IP division.  In this conversation, Mr. Nepa informed Plaintiff that he would not need to worry about compensation because Defendant would always make sure to pay the people who do the work.  Plaintiff mentioned to Defendant that he did the work on the Bellig cases described above, but that he had not received commission.  Mr. Nepa requested that Plaintiff provide him with the relevant information to investigate this issue.

27.  On or about March 17, 2021, Mr. Nepa contacted Plaintiff to discuss the Bellig commissions, which he never received, and Mr. Nepa informed him that Tad Fifer, the manager of the RIA/Brokerage division, falsely claimed that his team had done all the work on the Bellig cases and that Plaintiff had done nothing.  Plaintiff stated his shock and surprise since everything he had done could be verified with a call to the Belligs and a review of emails and activity logs on Salesforce.

28.  On or about March 19, 2021, Plaintiff asked Mr. Nepa if HR should get involved in this inquiry.  Plaintiff never heard anything further regarding these issues.

29.  On or about July 16, 2021, Defendant terminated Plaintiff's employment for allegedly changing the Salesforce records to benefit himself.  These allegations were untrue and were never discussed with Plaintiff until his termination.

30. On or about March 1, 2021, Ms. McLin gave over 50% of Plaintiff's business to Zach Edell.  Plaintiff is informed and believes and thereon alleges that at the time Ms. McLin gave Plaintiff's business to Mr. Edell, Mr. Edell was approximately 38 years old.

31. Plaintiff is informed and believes, and thereon alleges, that since his termination, he has been replaced by someone at least ten years younger than him.

32. Plaintiff is informed and believes, and thereon alleges, that at the time of his termination, he was only months away from turning 55 years old, which would have triggered an increase in Plaintiff's retirement benefits.

## FIRST CAUSE OF ACTION
### Age Discrimination
### (Government Code § 12940(a))

33. Plaintiff re-alleges and incorporates by reference all the above paragraphs as if they were set forth here in full.

34. At all times relevant to this Complaint and this claim for relief, California's Fair Employment and Housing Act ("FEHA"), California Government Code sections 12940 *et seq.*, was in full force and effect and fully binding on Defendant. Defendant regularly employed more than five (5) people at all relevant times and was therefore an employer within the meaning of California Government Code section 12926(d).

35. At all times relevant to this Complaint and this claim for relief, Brynn McLin was a "supervisor" as defined by California Government Code section 12926(t), because, she had authority to direct Defendant's employees' work and the authority to make and/or recommend key personnel decisions regarding those employees, including without limitation, the authority to discipline company employees and to recommend or approve the termination of employment for employees they managed or supervised. Ms. McLin also had the authority to change the terms and conditions of Plaintiff's employment, including the customers with whom he worked.

36. Ms. McLin became Plaintiff's supervisor in or around January 2021. From that point forward, McLin supervised Plaintiff's employment with Defendant, and functioned as Defendant's agent with respect to personnel actions that the company took toward him.

37. Acting on behalf of Defendant, McLin falsely criticized Plaintiff's work, and made false accusations against him. McLin also took Plaintiff's customers, with whom he had spent over a decade cultivating relationships that benefitted Defendant and moved those customers to a younger employee. Since Plaintiff's termination, McLin and Defendant have replaced Plaintiff with an employee ten or more years younger than Plaintiff.

38. At the time of the acts described in the paragraph above, Plaintiff was adequately performing all the essential functions of his position, by following the directions of his supervisor to the extent possible, and by completing his assigned work.

39. The FEHA, in California Government Code section 12940(a), prohibits any employer from discharging a person from employment, or discriminating against a person in compensation or in terms, conditions or privileges of employment because of that person's age.

40. Plaintiff is a member of a group protected by the FEHA and is protected by the FEHA's prohibition against age discrimination in California Government Code section 12940(a), and elsewhere in the FEHA. Specifically, Plaintiff was 54 years old when he was terminated by Defendant.

41. Plaintiff's age was a substantial motivating factor in Defendant's decision to terminate his employment with Defendant. The evidence of discriminatory animus includes without limitation, that: Plaintiff was months away from his retirement benefits increasing, his customers were unilaterally given to a younger employee, he has been replaced by an employee ten or more years younger, and Plaintiff was the victim of false and spurious allegations.

42. As a direct, foreseeable, and proximate result of Defendant's unlawful actions, Plaintiff has suffered, and continues to suffer, substantial losses in earnings and other employment benefits, and has incurred other economic losses. Defendant's termination of Plaintiff's employment permanently damaged his career and earnings potential, including reputational damage that will affect his future earnings with other employers, and despite his efforts, he has not yet found other comparable employment.

43. As a further direct, foreseeable, and proximate result of Defendant's unlawful personnel actions, as described above, as well as his termination from the company, Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, shame, and embarrassment, all to his damage, in an amount to be proven at the time of trial.

44. The aforementioned conduct constitutes oppression, fraud, and malice thereby entitling Plaintiff to an award of exemplary damages.

///

# PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for the following judgment:

1. Declaratory Judgment finding Defendant's conduct, as alleged herein, violated Plaintiff's rights pursuant to the California Government Code;
2. Awarding lost wages and other compensation denied or lost to Plaintiff by reason of Defendant's violations of the law;
3. Awarding compensatory damages for pain and suffering by reason of the actions of Defendants;
4. Award of exemplary damages;
5. Award of reasonable attorneys' fees and costs pursuant to Cal. Gov. Code section 12965 subdivision (b);
6. Award of prejudgment interest; and
7. For such other and further relief as the Court deems proper.

Date: June 27, 2022

_____
Rory Quintana
Attorney for Plaintiff
John Hajny

# EXHIBIT A

# EXHIBIT A

*Hajny v. Lincoln Financial Distributors.* US District Court in the Northern District of California
Case No. _____. COMPLAINT

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency  GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**  KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

May 11, 2022

Rory Quintana
870 Market St., Ste. 819
San Francisco, CA 94102

RE: **Notice to Complainant's Attorney**
DFEH Matter Number: 202205-16966411
Right to Sue: Hajny / Lincoln Financial Group

Dear Rory Quintana:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency       GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**       KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

May 11, 2022

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202205-16966411
Right to Sue: Hajny / Lincoln Financial Group

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,

Form DFEH-ENF 80 RS (Revised 02/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                              GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                              KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                         GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                         KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

May 11, 2022

John Hajny
11912 Gorham Ave. #2
Los Angeles, California 90049

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202205-16966411
      Right to Sue: Hajny / Lincoln Financial Group

Dear John Hajny:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 11, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Form DFEH-ENF 80 RS (Revised 02/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
John Hajny                                              DFEH No. 202205-16966411

                              Complainant,

vs.

Lincoln Financial Group
130 North Radnor-Chester Road
Radnor, PA 19087-5221

                              Respondents

_____

**1.** Respondent **Lincoln Financial Group** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **John Hajny**, resides in the City of **Los Angeles,** State of **California.**

**3**. Complainant alleges that on or about **July 16, 2021**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's age (40 and over) and as a result of the discrimination was terminated, demoted, denied work opportunities or assignments.

**Additional Complaint Details:** I began working for Lincoln Financial Group/Distributors("LFD") in California in December 2005 as a wholesaler, marketing LFD's proprietary funds and products to individual registered representatives or investment advisers who then, in turn, recommended those products to their customers. Prior to late 2020, LFD assigned me to all of the registered representatives and broker dealers in the Northern California area. In late 2020, LFD unilaterally modified the area that I would cover. In addition, my supervisor, who only recently joined the company reassigned a number of my clients to other individuals whom she preferred over me and who were all 10 or more years younger than me.

-1-
*Complaint – DFEH No. 202205-16966411*

Date Filed: May 11, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

In January 2021 I was contacted by a customer who I had dealt with in the past, and worked to sell that customer and his brother products which they sought. I was never paid a commission on this deal. I noted in the Salesforce system that their address was wrong and had this address corrected from a Colorado address to a California address.

In approximately March 2021, I was speaking to one of my supervisors about another issue and mentioned to him that I had not been paid commission on this deal. Subsequently I was informed that another division claimed credit for my work. Thereafter I was falsely accused of making changes to the Salesforce system to benefit myself. I was not contacted about any investigation into this false allegation until July 2021, when I was informed that I was being terminated based on these false allegations.

I believe that my supervisors discriminated against me and treated me differently, and ultimately terminated me based upon my age and their desire to give my region to a younger employee whom they favored. At the time of my termination, I was 54 years old. It is my understanding and belief that my region has now been taken over by an individual who is more than 10 years younger than me. Additionally, I believe the fact that had I been employed for four more months, my retirement would have included both an increased pension and increased health benefits, contributed to the decision to terminate me.

Not only was I terminated on July 16, 2021, but LFD placed the false allegations, accusing me of changing internal system information to benefit myself on my U5 which has caused significant injury as it prevents me from being able to obtain similar employment.

-2-
*Complaint – DFEH No. 202205-16966411*

Date Filed: May 11, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1  VERIFICATION

2  I, **Rory C. Quintana**, am the **Attorney** in the above-entitled complaint. I have read
3  the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

4  On May 11, 2022, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                      **San Francisco California**

-3-
*Complaint – DFEH No. 202205-16966411*

Date Filed: May 11, 2022

Form DFEH-ENF 80 RS (Revised 02/22)